The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and this Honorable Court. Our first case on the docket today is 20-2038 Energy Heating v. Heat On-The-Fly. Counsel, please proceed. Thank you, Your Honor. May it please the Court. Your Honors, the undisputed finding of the District Court is that Heat On-The-Fly reasonably disputed facts with its own evidence and Heat On-The-Fly provided meritorious argument in defending against a claim of inequitable conduct. This finding is inconsistent with fee shifting, especially in light of the fact that the trial judge determined that Heat On-The-Fly did not engage in litigation misconduct, which has also been left undisturbed on remand. In this situation, fee shifting is an abuse of discretion. Under the Octane Fitness case, this is the precise type of case that is not exceptional because it neither stands out on the strength of the party's litigation position nor was the manner in which it was litigated unreasonable. Now, what did change? The District Court on remand put significant weight on the jury's bad faith finding on a claim that was unrelated to inequitable conduct. This finding was related to tortious interference and, in particular, to the conduct of a salesperson and its statement, and it applied to the North Dakota Sales Act. More importantly, the original trial judge knew about this finding and still made clear that Heat On-The-Fly's case was meritorious. Counsel, this is Judge Moore. Is it your view that in order for there to be attorney's fees or for a case to be declared exceptional, there must be litigation misconduct? Your Honor, I think the best I can do on that is to say I think the cases say yes because Octane Fitness looks at both, and your opinion in Electronics Commission made it suggested that it was an abuse of discretion for the District Court not to address litigation misconduct. I think in that situation and given this record, there would need to be at least a significant discussion of litigation misconduct, and it would have to be tied to the strength of the case to make that decision. But the other thing, Your Honor, is it also is consistent with – oh, sorry. I apologize. Go ahead. Sorry. This is Judge Probst. On that point, Electronic Communications said that it's an abuse of discretion for failure to consider the manner in which a party litigated a case. And didn't the District Court here address the manner in which the case was litigated? In other words, he said that it was unreasonable for you to litigate this case because you should have known that the patent was invalid. So I'm having a hard time seeing – one, Chief Judge Moore is correct that I don't think there's any case that says that you have to find litigation misconduct in order to award fees. But I'm having a hard time understanding what you think the District Court should have done that he didn't do. So, Your Honor, in this case specifically – so let me address the first point. When the court looked at the bad faith ruling, that is a claim that is not under the Patent Act. And more importantly, when we talk about litigation misconduct, it's actually about the way it was litigated. That would go to the merits of the case if the court really believed that the bad faith meant we didn't have a strong case. But that's specifically what the trial judge had initially found that we had a meritorious defense. And it's why you sent it back was to say, can you explain that? And the failure to explain that was the abuse of discretion. Counsel, this is Judge Prost again. I wasn't on the original panel as my colleagues were, but I'm not sure that's accurate. The panel vacated the decision, right? Yes, Your Honor. There is no discussion on the books. They didn't keep the decision in place and tell the District Court to do something in addition, right? Yes, Your Honor. The panel did vacate, but what the District Court said and the magistrate said in her order at Appendix Page 17 specifically is that the court was going to reconsider those findings. And as you can see from the order, the order is completely silent on those very specific findings, the very reason this court sent it back, and the very reason this court even said, even if meritorious means plausible, then it still doesn't square with Terrasense's requirement of the single most reasonable inference. And we need to understand that before we can address whether it was an abuse of discretion to deny fees. By specifically saying she's going to reconsider those findings, but yet making no statement, I think it's fair to say she left that record undisturbed. Counsel, this is Judge Moore again. Let me get this straight. We vacated a decision that said there were meritorious findings, and you think because of her failure to address the issue on remand, we should assume that she adopted the findings that we vacated? Your Honor, I think she has to specifically address it because it's the very reason you sent it back was that statement, and you wanted it to be… What if the reason we sent it back was because there was inconsistent statements in the opinion? And so that opinion was vacated, and there were inconsistent statements, and now there's an opinion where there are no such inconsistent statements, and a determination of fees has been made. Shouldn't we just be looking at that determination anew and looking at that opinion anew, given that it doesn't any longer have inconsistent statements in it? Your Honor, you certainly could do that. The reason I was saying that the district court did not address it on remand is even if you vacated it, you vacated it for a very specific sentence. And the fact that the district court failed to even address that sentence, the only way they addressed it was by going to the bad faith ruling, which is under the North Dakota Sales Act, not the specific tort that was actually addressed as inactable conduct, which is deceit, which the jury found there was no deceit. And again, that is a fundamental failure in the factual record for the district court. So even if you were to view the order on remand, it would fall woefully short, because what the district court is relying on is simply not something for the Patent Act. In fact, the energy heating lost on a fees claim under the North Dakota Sales Act. What we're here on is a Patent Act violation, and the only tort that anybody should look at for the inactable conduct is really the deceit claim, and the jury found for us on that saying there was no deceit. At minimum, that showed the meritoriousness of our defense. And it's why under your law that says just a finding of inactable conduct doesn't mandate fees, that this case should not be one where fees should be shifted. Because all the district court is basically doing, if you take the view that it's just on remand, we look at that opinion on its own, the district court looked at a bad faith finding, which again, not related to inactable conduct when there's a direct tort that is related to inactable conduct. They look at just the fact that we lost on inactable conduct, and then some case law analysis. There's no discussion of litigation misconduct at all, and even though... Your Honor, you're breaking up. I'm not able to hear you. I'm sorry. I missed the last part of your question. Why would we need to look at litigation misconduct when we previously affirmed the determination that you intended to deceive the patent office? That was a determination made below and affirmed on appeal. You intended to deceive the office, and therefore your patent is unenforceable, and you attempted to enforce it in this litigation. Why do we need to look beyond that? The reason you do, Your Honor, is Octane Fitness says you look at two things, both the strength of the case and the manner in which it was litigated. But separately, I believe that's true because of the basic rule that the court has said repeatedly, which is simply losing on inactable conduct does not mandate fees. So just the fact that we found inequitable conduct, because there must be a set of cases where inequitable conduct is asserted, but it's a fair fight. There's non-frivolous arguments on that claim. Counsel, this is Judge Stoll. Just because we have cases that say inequitable conduct does not mandate an award of fees, that doesn't mean that there can't be an award of fees based on the inequitable conduct and other factors. Isn't that right? That is correct, Your Honor. But in this case – oh, sorry. I apologize. I thought you were done. I was just saying review for abuse of discretion, right? Yes, you do review for abuse of discretion. But in this case, there's several abuses of discretion, one being that the fact that the district court relies on a bad fate finding by the jury that is unrelated to the patent claim, whereas there's a direct tort that relates to the inequitable conduct is one abuse of discretion. Separately, the district court, by not answering the Federal Circuit questions directly – in other words, the reason you sent it down, you said the reason – the court said the reason it needed that information was to be able to assess the abuse of discretion and the denial of fees. The district court simply failed to address the prior judge's statement, the trial judge's statement on the fact that he found Heat on the Fly had produced evidence that was reasonable and meritorious argument relating to inequitable conduct. The district court's failure to simply address that is also an abuse of discretion, especially given that there was a deceit claim where we had won, and that goes to showing at least a plausibility of Heat on the Fly's defense. Counsel, what do you mean there was a deceit claim where you won? You were found by clear and convincing evidence to have intended to deceive the PTO. We affirmed that termination. So how do you conclude there was some sort of deceit claim that you won? So, Your Honor, let me explain that in this way. So, in the trial court, the judge explicitly tied the tort of deceit to inequitable conduct, and the jury found no deceit. We argued to the judge that that was evidence that showed that there could be, there's not a single most reasonable inference. We lost. We didn't persuade the judge of that. But for this question, the question becomes, is it a plausible meritorious argument, and the judge found it was. And in those situations, there should not be fee shifting. Counsel, the judge did not find it was. The judge on the case on appeal to us did not find that was a meritorious argument. I'm sorry, it would explain why the judge felt it was meritorious. So the judge said it was a, there were meritorious arguments. That's one of the factors that we had argued, and maybe that is one of the basis for why. Counsel, again, the judge on appeal to us did not, on this case, did not find it meritorious. The judge on this case did not address whether it was meritorious. The judge on this case on remand only looked at the bad faith ruling, did not even address the deceit ruling, because the bad faith ruling really has, it's not tied directly to inequitable conduct. It's tied to sales practices of a particular salesperson, whereas the deceit claim is directly tied by the district court to inequitable conduct, the very issue that we're talking to you about today. Your Honor, the other thing that I would, the only other thing I would add for evidence that there was merit to this is we've talked about the continuation applications, and you can see that the patent offices issued several continuations after reviewing the exact same pre-critical date uses that formed the basis of the inequitable conduct claim. And the reason this goes to the meritoriousness… Counsel, in granting the continuation, the patent office never actually said or found the pre-critical date used to be, was experimental, did it? Your Honor, it had to have, otherwise it would form a 102B… My question, they didn't say anything about it, right? They did not, but by allowing it, they're saying it's not prior art, otherwise they would not have allowed the claim. And so it shows a different decision maker viewing the same evidence differently, which again, I'm not arguing for anything other than it shows the meritoriousness of the argument… Counsel, we're reviewing the district court's finding that this case was exceptional as a question of fact for clear error, correct? For abuse of discretion, yes, Your Honor. Which for a fact issue is clear error, correct? Yes, Your Honor. So if we're reviewing his finding for clear error, you think that I should say he clearly erred because the patent office allowed a continuation without speaking to the question of… I think the lead for clear error is really that he relied on the bad faith ruling. But further support for it is that there are other clear facts that show that the argument had merit, and it's the type of case that should not be one where fee shifting occurs. Your Honor, if you have nothing else, I have no other comments. Okay, great. Let's hear from opposing counsel, I guess, Ms. Lee, are you first? Yes, Your Honor. May it please the court, my name is Shawn Lee, and I represent the Appellees Energy Heating in Rocky Mountain. The district court's decision was clearly not an abuse of discretion. Nothing in this court's remand of this case in the last appeal required the district court to either double down on its vacated decision or defend the indefensible. Instead, the district court made every effort to get it right on remand. It undertook a robust and rigorous process to reconsider the issue. Counsel, excuse me, this is Judge Proust. Shouldn't the jury's finding of no tort deceit play any role when we're discussing attorneys whether a case is exceptional? I'm happy to address that, Your Honor. There are a couple of arguments to that. First, Heat on the Fly waived it because they didn't raise it in their argument before the magistrate judge's report and recommendation issue. As a procedural matter governed by the Eighth Circuit precedent, this argument wasn't raised before the magistrate means that it was waived and can't be considered by the district court or on appeal. More importantly, inequitable conduct was for the court to decide, not the jury. Inequitable conduct was found and has been affirmed on appeal. Heat on the Fly can't use the jury's decision on a tort claim to second-guess the uncontestable fact that Heat on the Fly obtained the patent through fraud. The jury's decision on the tort of deceit is irrelevant and has no weight to counter the affirmed finding of inequitable conduct. Furthermore, the jury's finding is inconclusive at best. What Counsel for Heat on the Fly neglected to mention is that the tort of deceit was only one of the potential predicate acts that the jury could find to supply one of the elements to the tortious interference claim. If the court looks at the tortious interference instructions, it requires that Heat on the Fly have committed a tort or a statutory violation. The jury did find a statutory violation and the fact that they didn't reach the other torts in finding against Heat on the Fly doesn't necessarily mean that Heat on the Fly didn't commit the tort. It could be that the jury ultimately found it was satisfied with finding the one predicate act needed. I'd also say that the jury's finding is irrelevant because district court isn't bound by the jury's decision. As this court found in American CalCAR, inequitable conduct is inequitable in nature and thus the district court was in no way bound by the jury's finding of no inequitable conduct in that case. In that case, the jury had issued an advisory opinion on inequitable conduct saying that the patentee hadn't committed inequitable conduct. But this court still affirmed the district court's finding of inequitable conduct despite the jury's advisory verdict. Here in our case, there's not even an advisory opinion on inequitable conduct. The finding that Heat on the Fly hadn't committed the tort of deceit is just so far removed that it's entitled to no weight, especially to undercut an affirmed finding of inequitable conduct. Counsel, this is Judge Prost again. Am I correct that you're making a request for attorney's fees for this appeal? Yes. Isn't that a little premature? I don't have the rules in front of me, but I thought the clock starts running after we decide a case for submission of attorney's fees requests, not before the case has ever been decided. Am I missing something? Your Honor, I reviewed that rule, and my impression of it was that that particular rule, I think it's 47.7, seemed to apply if we were asking for the court of appeals to award and also determine the amount of fees to award on appeal. The relief that we're seeking here is a little different. We're asking the court to award fees, but then remand for the district court to determine the reasonable amount of fees. Of course, if the panel decides that the better procedure to follow here is 47.7, then we're happy to follow that procedure after the court issues its opinion. To quote this court in Brasler, exceptional cases are normally those involving bad faith litigation or those involving inequitable conduct. Here, the district court provided a surplus of reasons for its decision. Given the affirmed findings of both inequitable conduct and bad faith assertion of an obviously invalid patent, the district court properly concluded that this case stands out in the words of Octane Fitness. I'll focus first on the inequitable conduct finding and then turn to the bad faith finding and finally to the totality of circumstances. The court already recognized inequitable conduct. We kind of have all this pretty well in hand if you were listening to the first half of the argument. Why don't we just focus again on your request for fees? Are you suggesting under Section 285 that we can award fees for the appeal as part of the district court's award of fees in the case? Or are you suggesting that the appeal was either frivolous as filed or frivolous as argued and therefore entitled to a separate fee award under a separate provision, namely our appellate fee provision? What we're asking for the court to award fees on is based on the fact that the appeal itself can be considered exceptional under 285. As we laid out in our brief, there's actually some ambiguity in the case law as to whether or not the appeal itself needs to be found exceptional. Even if that standard applied, we believe that the appeal itself is exceptional for the reasons explained, namely that a lot of the arguments that Heat on the Fly has reiterated have either been rejected by controlling precedent, like American Calcar, or the Nielsen case on their sort of quote-unquote benign and equitable kind of argument. Let me ask you, I thought you said earlier that you want us to say the award of fees and then for the district court to make the determination of the appropriate amount. I mean, so the district court's supposed to evaluate the reasonableness of the fees that went into the appeal? Is that off the ground as far as you know, or wouldn't the appellate court be in a position to assess the reasonableness of fees with respect to a proceeding before it? In fact, the district court awarded appellate fees after finding this case exceptional. In determining the reasonable amount of fees, the district court's award included appellate fees for the last appeal. So it would be, it seems appropriate for the district court to continue with that task for the second appeal. And in the Federal Circuit's decision in Celanese-Polymer, the court has recognized that the power to award attorney fees for appellate work is not the exclusive domain of an appellate court and can be remanded to the district court. Hold on, I'm just a little confused by this. Section 285 says the court in exceptional cases may award reasonable attorney fees to the prevailing party. That has always, in my mind, been something tied to district court litigation and the district court's determination. Number one, our case law says the determination of whether something is exceptional or not is a question of fact. Appellate courts seldom render fact findings. If I were to follow your logic, I think your logic would allow me to award fees under 285, even when the district court did not at the district court level, if I somehow found the appeal itself exceptional. Is that right?  There have been other cases at the district court level that have awarded fees for an exceptional case, and I'll refer the court to the Dippin' Dots case that we cited on page 30 of our brief. And that court said that the Supreme Court's decision in Jean demonstrates that the prevailing party does not need to make a separate showing that the appeal itself is exceptional, but even if it did, it would award fees for the appeal. I'm sorry, but it seems very strange to me because, again, you're citing three cases where the district court found a case exceptional, and you want the follow-on appellate-related fees awarded. However, your argument regarding the statute itself, Section 285, seems to be much broader than even that. Unless I'm misunderstanding your argument, your argument is that an appellate court could award fees under Section 285 in the first instance. Am I right about that being your argument? If the underlying case was found to be exceptional in the district court, the appellate court can continue to find that the appeal, especially here when the district court has said that heat on the fly has persisted with objectively and subjectively baseless positions in trying to litigate infringement and defend the invalidity of the patent, for them to continue to do so on appeal, here amounting basically to an improper collateral attack on the inequitable conduct findings and the rejected claim that those prior sales were experimental in nature, is indeed exceptional. Basically, heat on the fly has continued to press those objectively and subjectively baseless litigation positions through this appeal. But we have a number of rules and statutes that expressly govern circumstances in which appellate courts can award attorney's fees in the first instance. Like our FRAP rule that says when a case is frivolous, frivolous as filed or frivolous as argued. If 285 does everything you're saying it does, then it would seem quite odd indeed that we would have this separate rule of civil procedure that required a showing of frivolity. Because if under 285 an appellate court could award fees any time an appeal is exceptional, then what would be the point of FRAP rule on frivolous appeal? What would be the point of that? I think my position is a bit more narrow than that, Your Honor. My position is that when a case has been found to be exceptional at the district court level, and the patentee continues on appeal to press those same positions that have been found to be objectively and subjectively baseless, that the appellate court has the authority under 285 to award fees for the patentee for continuing to make this case exceptional by appealing it. And I'm not so sure that there's that much of a difference between the frivolity standard and the subjectively and objectively baseless litigation position that has been found at the district court. And so to the extent that the court agrees that those positions have been continued to be persisted unreasonably on appeal, section 285, I would argue, supports an award of appellate fees. And I want to quickly address opposing counsel's arguments that the bad faith finding had nothing to do with the patent claim. I would refer the court to the jury instructions on pages 288 to 296 of the appendix that make it clear that the jury's bad faith instruction was specific to finding that… Ms. Lee, just to be clear, your bell went off a while ago. You're using Mr. Coleman. I'm fine with the fuss, but the time is the time. I understand, Your Honor. And I'll wrap up really briefly. So taking the affirmed findings in inequitable conduct and bad faith together, this case was exceptional. The totality of circumstances more than supports the district court's conclusion that this case stands out, and any other outcome would wrongly suggest that fraud and bad faith are common and expected in patent cases. Here, my client has had to pay any attorney's fees, had heat on the fly, committed inequitable conduct, and threatened them that it needed to be both objectively and subjectively invalid and unenforceable. Only affirming the district court's decision serves the deterrent and compensatory purposes of Section 285. And with that, I'll rest on the brief. Thank you. Mr. Coleman, Mike, will you please let us know how much time Mr. Coleman has remaining of the five minutes, because Ms. Lee used a bit of it. Sure. Mr. Coleman has just under three minutes remaining. Please proceed, Mr. Coleman. Thank you, Your Honors. May it please the court? Shane Coleman on behalf of the Marathon Entities. And I just want to reiterate, I guess, from a big picture perspective here. This is a simple question of, is this an ordinary sort of a patent case, or is this one that stands out? Or more precisely, is this a case where the district court clearly erred by concluding that this is not an ordinary case? And I would submit that there's ample evidence in front of the district court, provided to the district court that is, to show that this is not an ordinary case. It does stand out. An ordinary patent case does not involve dozens and dozens of pre-critical date sales generating revenue of millions of dollars. Mr. Coleman, does your client likewise make the argument that Ms. Lee was making about attorney's fees related to the appeal? Your Honor, we're indifferent either way. We don't have anything to add in that regard. Our position and our emphasis at this point is affirming what the district court has done already. In response to Chief Judge Moore, did you ask for attorney's fees to this appeal in your brief, or not? We have one sentence saying we should be awarded fees on appeal. If the court adopts the arguments from Energy Heating, then we would like to tag along with that. If not, we've added no discussion beyond that. Let me, I guess as we're nearing the end of time, explain somewhat the difference of Marathon from Energy Heating and how it ties into the tort of deceit. To be clear, Marathon was a party to the trial, but did not have any jury claims. Marathon did not bring any sort of claims related to seeking tort damages from Heat on the Fly or the other entities. Marathon sits in the shoes essentially of what Triangle Oil was in the underlying tort case. The jury found in that tort case brought by Energy Heating that when Heat on the Fly's representatives told Triangle Oil, another oil company in the field, one of Marathon's competitors, that it had a valid patent, that not only was it wrong, but it was so clearly wrong and so clearly knew it was wrong that it was acting objectively and subjectively in bad faith. That the mere mention that, hey, we have a valid patent and we're going to shut down your oil operation, fracking operation, if you don't go with us, was a tort. Here, Marathon, in this case, Heat on the Fly not only threatened to sue Marathon, it did sue Marathon. It dragged Marathon into this lawsuit. The only thing Marathon's ever done in this case is related to the patent claims. We're not involved in the torts. We're not involved in the other claims. But the jury nonetheless concluded it was not only objectively baseless to suggest that Heat on the Fly had a valid patent, but it was subjectively baseless. Heat on the Fly's own principles knew that the patent was invalid. And yet it not only asserted the patent, but then it proceeded to bring this lawsuit against Marathon, dragging it as one of Energy Heating's customers into the case. This case is not ordinary. And for that reason, the district court's findings are not clearly erroneous. Counsel, we're out of time for this. We have some rebuttal time. Please proceed. Your Honor, the only point I'm going to make on rebuttal is the waiver argument that Energy Heating made was not made in their papers. So it's not part of the appendix. But we did argue deceit down below. With that, Your Honor, I have nothing else to add to the remarks made by Energy's counsel or Marathon's counsel. If the panel has any questions for me, I'm happy to address them. The question I'd like to ask you to address is the Section 285 question and whether you believe that the panel on appeal is capable of awarding damages under Section 285. I don't believe so, Your Honor. I don't believe so. I think it's a separate rule. But we didn't really address it in the brief because we were focused on the merits of the judge's order. Okay. I thank all three counsel for their argument. This case is taken under submission. Thank you, Your Honor. Thank you.